UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

NAKISHA JACKSON                    CIVIL ACTION NO. 20-cv-1626

VERSUS                             CHIEF JUDGE HICKS

KRISTY WILSON                      MAGISTRATE JUDGE HORNSBY

**REPORT AND RECOMMENDATION**

**Introduction**

NaKisha Jackson ("Plaintiff"), who is self-represented, has complained in this and

two other civil actions about state court protective orders that were issued against her.  One

person who obtained a protective order is Kristy Colvin Wilson, the defendant in this case.

Plaintiff has described Ms. Wilson as the wife of a man with whom Plaintiff had been

friends for 20 years.  Plaintiff alleges that she contacted Ms. Wilson by social media to

complain of what Plaintiff alleged was a fake charity run by Ms. Wilson.  Ms. Wilson asked

the state court for a protective order that would direct Plaintiff not to contact her.  That set

off a series of state and federal filings.

Plaintiff's first federal suit was filed against the State of Louisiana, Judge Roy Brun,

and Clerk of Court Mike Spence to complain of actions taken in connection with the

protective order proceedings.  This court dismissed Plaintiff's complaint with respect to

the state for lack of jurisdiction; the claims against the judge and clerk were dismissed for

failure to state a claim on which relief may be granted.  NaKisha Jackson v. Roy Brun, et

al, 19-cv-1006 (W.D. La.).  Judgement was entered in September 2019, Plaintiff's appeal

was dismissed for want of prosecution, and her petition for writ of certiorari to the Supreme Court was denied.  She then filed two motions to reconsider in the district court.  Judge Foote denied both motions and entered an order that, because of Plaintiff's repeated filing of meritless motions, the clerk of court is not to accept any new filings in that matter without prior judicial approval.  Plaintiff was also warned of potential sanctions and banned from engaging in email communications with the court except for sending courtesy copies of pleadings.

Plaintiff next commenced a civil action against Ms. Wilson and three other individuals who she alleged requested or obtained protective orders against her in state court.  NaKisha Jackson v. Kristy Colvin Wilson, 20-cv-0238.  She asserted claims of malicious prosecution.  Plaintiff prayed for less than $75,000 in damages from each defendant, so judgment was entered dismissing the case for lack of subject matter jurisdiction.  Plaintiff filed three motions to reconsider, a motion to amend complaint, and a motion for summary judgment in the several months after judgment was entered.  Chief Judge Hicks denied all of the motions.

Plaintiff's post-judgment efforts in 20-cv-0238 included an attempt to amend her complaint to allege a greater amount in controversy and otherwise cure jurisdictional deficiencies in her complaint.  Two days after Chief Judge Hicks denied as untimely Plaintiff's request to amend her old complaint, she filed this new civil action, which is essentially the amended complaint that she proposed to file in 20-cv-0238.  For the reasons that follow, it is recommended that this civil action be dismissed for failure to state a claim on which relief may be granted.

**The Allegations**

Plaintiff, a citizen of Texas, alleges that Kristy Wilson, a citizen of Louisiana, falsely accused her of a crime, pursued legal action against her, and committed perjury that caused the police to harass Plaintiff.  Plaintiff alleges that this led to her false arrest and has required her to engage an attorney "to undo the wrongful conviction, illegal detainment, and clear my name."  Plaintiff seeks damages of $150,000.

Plaintiff once again traces the dispute to 2018 when Ms. Wilson allegedly asked Plaintiff for a monetary donation to a charity that Plaintiff alleges is not a valid nonprofit organization.  Plaintiff alleges that she notified the IRS and the public that the charity was fraudulent.  Ms. Wilson then allegedly filed "baseless protective orders" against Plaintiff, perjured herself in related proceedings, and continued to solicit donations from Plaintiff .  Plaintiff alleges that her legal difficulties and disputes related to Ms. Wilson and the state court proceedings have continued until recent months.

**Malicious Prosecution**

Plaintiff alleges in this action, as she did in the prior one, that Ms. Wilson has engaged in malicious prosecution by obtaining protective orders and pursuing other matters in state courts.  Louisiana recognizes the tort of malicious prosecution based on the filing of a civil suit, but "[a]ctions of this sort have never been favored, and, in order to sustain them, a clear case must be established where the forms of justice have been perverted to the gratification of private malice and the willful oppression of the innocent."  Johnson v. Pearce, 313 So.2d

812, 816 (La. 1975).  In an action for malicious prosecution, the plaintiff must prove the following elements:

> (1) The commencement or continuance of an original criminal or civil judicial proceeding.
>
> (2) Its legal causation by the present defendant against plaintiff who was defendant in the original proceeding.
>
> (3) Its bona fide termination in favor of the present plaintiff.
>
> (4) The absence of probable cause for such proceeding.
>
> (5) The presence of malice therein.
>
> (6) Damage conforming to legal standards resulting to plaintiff.

Ferrant v. Parish of Tangipahoa ex rel Coroner's Office, 822 So.2d 118, 120 (La. App. 1st Cir. 2002).  A claim of malicious prosecution is actionable only where there has been strict compliance with all essential elements.  The lack of any one of these elements is fatal to the claim.  McClanahan v. McClanahan, 82 So.3d 530, 534 (La. App. 5th Cir. 2011).

Plaintiff has not alleged a bona fide termination of the state court proceedings in her favor with respect to any of the protective order proceedings.  She alleges repeatedly that the protective orders were baseless, fraudulent, or based on perjury, but she does not allege that any of the protective orders have been overturned on appeal or otherwise resulted in termination in favor of Plaintiff.  Absent that critical element, Plaintiff has not stated an actionable claim for malicious prosecution under Louisiana law.

**Defamation and Perjury**

Plaintiff alleges throughout her complaint that Ms. Wilson committed perjury when she testified at the various hearings on motions for protective orders and other state court proceedings. Louisiana law affords witnesses immunity from a civil action for defamation based on testimony in a judicial or quasi-judicial proceeding. The policy basis for the rule is so that the administration of justice may have the testimony of witnesses "unrestrained by liability to vexatious litigation." Marrogi v. Howard, 805 So.2d 1118, 1124 (La. 2002). Testimony given in court carries "an absolute privilege so that witnesses, bound by their oaths to tell the truth, may speak freely without fear of civil suits for damages." Id., quoting Knapper v. Connick, 681 So.2d 944, 946 (La. 1996). The absolute privilege protects the witness from civil suit regardless of malice or falsity. Marrogi, 805 So.2d at 1125.[1] State law also prevents a losing party from filing a suit for damages against a prevailing party on the grounds that they committed perjury in the prior proceeding. The Supreme Court of Louisiana has stated, "There would be no end to litigation if such suits were countenanced." Gusman v. Hearsey, 28 La.Ann. 709 (La. 1876). Plaintiff may not, therefore, make out a cause of action against Ms. Wilson based on her alleged perjury in the state court protective order proceedings.

---

[1] It appears that this is also the law in other states. "In the United States it is well established that defamatory testimony by a witness in a judicial proceeding, which is material to the inquiry, is privileged absolutely, and cannot be made the basis of an action for libel or slander, even though the testimony is given maliciously and with knowledge of its falsity." Testimony of Witness As Basis of Civil Action For Damages, 12 A.L.R. 1247.

**Sua Sponte Dismissal**

Plaintiff has not yet served her complaint, so no motion to dismiss has been filed. Dismissal is nonetheless appropriate because the complaint fails to state a claim on which relief may be granted.  "A district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). This procedure is fair, because this Report and Recommendation provides Plaintiff with sufficient notice of and opportunity to respond to the possible dismissal of her case. Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998).  Such a sua sponte dismissal is permissible even if done prior to a defendant being served. Alexander v. Trump, 753 Fed. Appx. 201, 208 (5th Cir. 2018).

**Sanctions Warning**

Plaintiff has now filed three meritless lawsuits based on the same subject matter, and she has filed multiple meritless motions within those proceedings.  Judge Foote has already warned her once of potential sanctions.  Each of Plaintiff's complaints and motions require the expenditure of judicial resources that could otherwise be spent on the resolution of the cases of deserving litigants.  To prevent such abuses, the court has the authority to structure sanctions as are necessary or warranted to control its docket and maintain the orderly administration of justice. See Goldgar v. Office of Administration, 26 F.3d 32, 36 n.3 (5th Cir. 1994); Mendoza v. Lynaugh, 989 F.2d 191 (5th Cir. 1993); Moody v. Miller, 864 F.2d 1178, 1179 n.2 (5th Cir. 1989).  Plaintiff is warned that she will be subject to potential sanctions if she files frivolous or malicious motions or new suits in this court.

Those sanctions may include a requirement that Plaintiff obtain judicial pre-approval for any filings, monetary sanctions, or other appropriate sanctions.

Accordingly,

It is recommended that this civil action be dismissed with prejudice for failure to state a claim on which relief may be granted.

## Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED in Shreveport, Louisiana, this December 17, 2020.



Mark L. Hornsby
U.S. Magistrate Judge